# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Michael E. Romero

| | |
|---|---|
| In re:<br><br>FRANK WILLIAM MCINTYRE,<br><br>Debtor. | Bankruptcy Case No. 19-15069 MER<br><br>Chapter 13 |

## ORDER DENYING MOTION TO RECONSIDER

THIS MATTER comes before the Court on the Response, Objections and Request to Reconsider Distribution Order and the Updated Response, Objections and Request to Reconsider Distribution Order (collectively "**Motion to Reconsider**") filed by the Debtor, Frank McIntyre ("**McIntyre**").[1]  The Motion to Reconsider concerns this Court's Order for Final Distributions Under Confirmed Plan entered on June 24, 2025 ("**Distribution Order**").[2]

## BACKGROUND

This Court confirmed McIntyre's Amended Chapter 13 Plan (the "**Plan**") on April 28, 2022.  The Chapter 13 Trustee filed his Statement Regarding Completion of Chapter 13 Plan ("**Statement**") on June 18, 2024.  The Statement indicates McIntyre has completed making payments under his Plan.[3]  However, the Trustee cannot make distributions or otherwise fully administer the Plan due to a specific Plan provision.  That provision, Part 12, states that McIntyre disputes the amounts of the claims filed by four creditors: SoL Energy, Kenneth Olson, Active Energies Solar, and C&W Asset Acquisition (collectively, the "**Disputed Claims**").  For each of these creditors, the Plan contemplates that "[t]he Trustee will calculate the pro rata share of [the Creditors'] claims based on their face amount but **withhold distribution of them until all matters relating to them in the state and federal courts are fully and finally resolved and all appellate remedies have been exhausted or expired**."[4]  On April 3, 2025, the Court entered an order noting that all of McIntyre's federal appeals were concluded and required McIntyre to file a status report indicating the status of remaining state court proceedings and how he intended to promptly resolve any remaining issues in those proceedings so that the Trustee could make distributions under the Plan. McIntyre filed his status report on April 25, 2025.[5]

---

[1] ECF Nos. 209, 211.

[2] ECF No. 208.

[3] ECF No. 182.

[4] Plan, ECF No. 182, Part 12 (emphasis added).

[5] ECF No. 206.

After reviewing McIntyre's status report, the Court's Distribution Order determined it was appropriate for the Trustee to make pro rata distributions on the following Disputed Claims:

1. SoL Energy Claim #5-2 in the amount of $6,897.66,

2. Ken Olson Claim #6-3 in the amount of $18,831.06

3. Active Energies Solar ("**AES**") Claim #16-1 in the amount of $21,853.13.

The Court noted C&W Asset Acquisition withdrew its proof of claim number 10 and thus no distributions would be made on that claim. In his Motion to Reconsider, McIntyre alleges that there are more proceedings required for the remaining Disputed Claims.

**A.    SoL Energy and Ken Olson**

Prior to the petition date, McIntyre and an entity McIntyre owned called Glenwood Clean Energy, LLC ("**GCE**") were involved in state court litigation with Sol Energy, Ken Olson, and other defendants in Case No. 2018-CV-30139 in Garfield County District Court (the "**Garfield State Court Action**"). After the petition date, McIntyre initiated Adversary Proceeding No. 19-1245 against Sol Energy, Ken Olson, and other defendants. This Court entered orders abstaining and dismissing the adversary proceeding and instructed the parties to litigate their claims in the Garfield State Court Action.[6] McIntyre then filed a series of unsuccessful appeals of this Court's orders. Those appeals are now complete, and the rulings in Adversary Proceeding 19-1245 are final.

The parties then proceeded to trial in the Garfield State Court, where McIntyre and GCE lost. The State Court entered two judgments against McIntyre and GCE: (i) one in favor of SoL Energy in the amount of $39,480; and (ii) one in favor of Olson in the amount of $18,831 for attorney fees and costs. McIntyre appealed both judgments to the Colorado Court of Appeals, which reversed the State Court's judgment that held McIntyre personally liable with GCE for the $39,480 judgment but affirmed the State Court in all other respects. This means SoL Energy has a final judgment against GCE for $39,480, and Ken Olson has a final judgment against McIntyre for $18,831. McIntyre admits in his Status Report that the state court judgments are final.

McIntyre has filed a Motion to Reinstate Adversary Proceeding No. 19-1245, seeking permission to file an amended complaint to object to the proofs of claim filed by Olson and SoL Energy and to assert new claims under 42 U.S.C. § 1983. Contemporaneous with the filing of this Order, the Court has entered an order denying the Motion to Reinstate.[7] As explained in that order, which is incorporated by reference, the filing of an amended complaint would be futile. SoL Energy has since withdrawn

---

[6] Adv. No. 19-1245, ECF Nos. 53, 114.

[7] Adv. No. 19-1245, ECF No. 134.

claim number 5-2, making any objection to that claim moot.  The state court's order awarding Ken Olson $18,831.06 in fees and costs is final and has a preclusive effect.  McIntyre has presented no legitimate grounds to object to that claim.  The claims he seeks to bring under 42 U.S.C. § 1983 are deficient and barred by the Rooker-Feldman doctrine.

McIntyre's Motion to Reconsider also asserts he has evidence that the so-called "Fangman receivable" is property of the estate, and the Chapter 13 Trustee could distribute these funds.  The parties' respective rights to the "Fangman Receivable," however, were fully and finally determined in the Garfield State Court Action.  Specifically, the state court entered judgment in favor of SoL Energy and against GCE, awarding SoL Energy the $39,480 Fangman interpleaded to the state court's registry.  The Colorado Court of Appeals affirmed the entry of this judgment against GCE and rejected all of McIntyre's arguments that he personally had rights to those funds.  McIntyre is collaterally estopped from relitigating these issues in his bankruptcy case.

No further proceedings are necessary in the Garfield State Court Action or in Adversary Proceeding 19-1245.  It is appropriate for the Trustee to make pro rata distributions on Ken Olson's claim number 6-3 in the amount of $18,831.06.  No distributions will be made on SoL Energy's withdrawn claim.

### 3. AES

Prior to the petition date, McIntyre was involved in state court litigation with AES and other defendants in Case No. 2018CV3 in Eagle County District Court (the "**Eagle State Court Action**").  When McIntyre filed for bankruptcy on June 12, 2019, the state court had recently dismissed several of McIntyre's tort claims and entered an order for McIntyre to pay AES $21,853.13 in attorney's fees related to that dismissal.  After the petition date, Debtor initiated Adversary Proceeding No 19-1268 against AES and other defendants, asserting the same state law claims at issue in the Eagle State Court Action.  This Court entered an order abstaining and instructed the parties to litigate their claims in the Eagle State Court Action.[8]  Later, the Court dismissed the adversary proceeding with the caveat that McIntyre could reassert his objection to AES's claim if he was successful in Eagle State Court Action.[9]  McIntyre then filed a series of unsuccessful appeals of this Court's orders.  Those appeals are now complete, and the rulings in Adversary Proceeding 19-1268 are final.

In the six years since this Court originally abstained, McIntyre has taken **no action** to resolve matters in the Eagle State Court Action.  In his Status Report filed April 25, 2025, McIntyre indicates the Eagle State Court Action is administratively closed, and that no final judgment has been entered.  He further states he has never sought to reopen the state court case or otherwise resolve that matter.  In the Distribution Order, the Court emphasized that it was McIntyre's obligation under his plan to take all actions necessary to resolve his litigation against AES in state court.  Despite

---

[8] Adv. No. 19-1268, ECF No. 18.

[9] Adv. No. 19-1268, ECF No. 40.

this admonition, McIntyre has still taken no action to reopen the Eagle State Court Action.

In his Motion to Reconsider, McIntyre offers various excuses for his failure to act, including that he was focused on other matters he deemed more worthwhile. He complains about this Court's initial decision to abstain and its failure to provide guidance on collecting the $6,000 he believes AES owes him. McIntyre argues this Court should reinstate Adversary Proceeding No. 19-1245 to "deal with the already well-established fact that there is no final judgment upon which to approve Active's Proof of Claim" and hold a trial to determine his $6,000 claim against AES.[10] Alternatively, he asks the Court to delay distributions to AES further until the state court enters a final judgment in the Eagle State Court Action.

These excuses are without merit. McIntyre's right to collect $6,000 from AES is at issue in the Eagle State Court Matter, as is McIntyre's liability for the $21,853 judgment in favor of AES. The Court has been clear and consistent in instructing McIntyre to resolve these issues in state court. The Court will not revisit its abstention decision. McIntyre is solely responsible for choosing his litigation strategies and for the delays and workloads associated with those strategies. He drafted the plan provision requiring him to resolve the Eagle State Court Action, but then wholly failed to fulfill that obligation. His failure to act in the past six years demonstrates he has no intention of doing so now. The Court will not further delay the closing of this case.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED that McIntyre's Motion to Reconsider is DENIED. It is

FURTHER ORDERED that the Chapter 13 Trustee shall proceed to administer the plan based on the following Disputed Claim amounts:

1. SoL Energy – none; claim withdrawn

2. Ken Olson Claim #6-3 in the amount of $18,831.06

3. Active Energies Solar Claim #16-1 in the amount of $21,853.13

4. C&W Asset – none; claim withdrawn.

Dated: February _, 2026                BY THE COURT:

                                       Michael E. Romero, Judge

---

[10] ECF No. 211, at 5.

4

United States Bankruptcy Court